UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. **15-54077** - MHM |
| | : | |
| **WINSTON L. GREEN, JR.**, | : | CHAPTER 7 |
| Debtor. | : | |
| --------------------------------------------------------- | : | ------------------------------------------------ |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR INDYMAC INDX MORTGAGE LOAN TRUST 2004-AR10, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2004-AR10, | : : : : : | CONTESTED MATTER |
| Movant, | : | |
| v. | : | |
| | : | |
| WINSTON L. GREEN, JR., Debtor, | : | |
| Respondent. | : | |

**NOTICE OF HEARING**

**PLEASE TAKE NOTICE** that Deutsche Bank National Trust Company, as Trustee for IndyMac INDX Mortgage Loan Trust 2004-AR10, Mortgage Pass-Through Certificates Series 2004-AR10 filed a supplemental motion to annul the automatic stay and for in rem relief and related papers with the Court.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on the supplemental motion to annul the automatic stay in **Courtroom 1204, U.S. Courthouse, 75 Spring Street, S.W., Atlanta, Georgia 30303, at 2:15 o'clock, p.m. on March, 24, 2015.**

Your rights may be affected by the Court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then

GA-91000590-13

you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how, and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address of the Clerk`s Office is: Clerk, U.S. Bankruptcy Court, Room 1340, 75 Spring Street, S.W., Atlanta, Georgia 30303.  You must also mail a copy of your response to the undersigned at the address stated below.

If a hearing on the motion for relief from the automatic stay cannot be held within thirty (30) days, Movant waives the requirement for holding a preliminary hearing within thirty days of filing the motion and agrees to a hearing on the earliest possible date. If a final decision cannot be rendered by the Court within sixty (60) days of the date of the request, Movant waives the requirement that a final decision be issued within that period. Movant consents to the automatic stay remaining in effect until the Court orders otherwise.

Dated: March 4, 2015.

/s/
Wm. Matthew Suber
Georgia Bar No. 153002
Butler & Hosch, P.A.
1303 Hightower Trail, Suite 315
Sandy Springs, GA 30350
Phone: 678-298-2117
Fax: 770-874-9622
Email: *msuber@closingsource.net*
Attorney for Movant

GA-91000590-13

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. **15-54077** - MHM |
| | : | |
| **WINSTON L. GREEN, JR.**, | : | CHAPTER 7 |
| Debtor. | : | |
| ---------------------------------------------------------- | : | ------------------------------------------------ |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR INDYMAC INDX MORTGAGE LOAN TRUST 2004-AR10, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2004-AR10, | : | CONTESTED MATTER |
| Movant, | : | |
| v. | : | |
| | : | |
| WINSTON L. GREEN, JR., Debtor, | : | |
| Respondent. | : | |

**SUPPLEMENTAL MOTION TO ANNUL THE AUTOMATIC STAY
AND FOR IN REM RELIEF**

COMES NOW Deutsche Bank National Trust Company, as Trustee for IndyMac INDX Mortgage Loan Trust 2004-AR10, Mortgage Pass-Through Certificates Series 2004-AR10 and files this supplemental motion to annul the automatic stay of 11 U.S.C. §362(a) to allow for the completion and perfection of a foreclosure sale and shows the Court as follows:

1.

At the time this motion was filed, the ECF docket did not reflect the appointment of a Chapter 7 trustee for this case.  Movant will serve a copy of this motion upon the trustee once appointed.

GA-91000590-13

2.

This motion is brought pursuant to the terms of the Court's order dated March 3, 2015 (Docket No. 6) granting Movant's emergency motion for limited stay relief to allow Movant to cry a foreclosure sale set for that date (Docket No. 4). The sale was cried and the Property sold back to Movant.

3.

Movant is the holder by assignment of a security deed dated November 13, 2003 (the "Security Deed") which grants Debtor's real property known as 105 Highlands Forest Lane, Oxford, Georgia 30054 (the "Property") as security for a promissory note in the original amount of $376,000.00 (the "Note"). Copies of the Note, Security Deed, and assignment are attached hereto as Exhibits A, B, and C, respectively, and incorporated herein by reference.

4.

Debtor executed the Security Deed but is not a borrower on the Note. The borrower, Julia Green ("Borrower"), has defaulted on the terms of the Note and Security Deed by failing to make payments when due.

5.

As of July 2, 2014, the amount necessary to reinstate the loan was $245,980.25.

6.

As of January 21, 2015, the total amount due on the loan was $593,896.79, including an unpaid principal balance of $392,917.00. According to the Newton County Tax Assessor, the value of the Property is $314,600.00. There is no equity in the Property. A copy of the Newton County Tax Assessor's record for the Property is attached hereto as Exhibit D and incorporated herein by reference.

GA-91000590-13

7.

Debtor and Borrower have delayed and hindered enforcement of the Note and Security Deed by filing a series of bankruptcy cases. This case represents their ninth case, six of which were dismissed for failure to pay the filing fee and another with prejudice. Debtor received a Chapter 7 discharge on February 24, 2014 and a two year bar from filing Chapter 13 cases on August 19, 2014. Debtor and Borrower's bankruptcy filing history is as follows:

(a) Debtor and Borrower filed Chapter 13 Case No. 09-91859-MHM on December 1, 2009. The case was dismissed on December 22, 2009 for failure to pay the filing fee.

(b) Debtor and Borrower filed Chapter 13 Case No. 10-85904-MHM on September 3, 2010. The case was dismissed on September 23, 2010 for failure to pay the filing fee.

(c) Debtor and Borrower filed Chapter 13 Case No. 10-95990-MHM on December 3, 2010. That case was dismissed on December 20, 2010 for failure to pay the filing fee.

(d) Debtor and Borrower filed Chapter 13 Case No. 12-50291-MHM on January 3, 2012. That case was dismissed on January 25, 2012 for failure to pay the filing fee.

(e) Debtor and Borrower filed Chapter 13 Case No. 12-61367-MHM on May 1, 2012. That case was dismissed on May 31, 2012 for failure to pay the filing fee.

(f) Debtor and Borrower filed Chapter 13 Case No. 13-70820-MHM on September 24, 2013. The Property was set for foreclosure on October 1, 2013. That case was dismissed on October 10, 2013 for failure to pay the filing fee.

(g) Debtor filed Chapter 7 Case No. 13-75669-MHM on November 26, 2013. The Property was set for foreclosure on December 13, 2013. Debtor received a discharge on February 25, 2014. The filing fee was waived.

GA-91000590-13

(h) Debtor filed Chapter 13 Case No. 14-60568-MHM on May 30, 2014. The Property was set for foreclosure on June 3, 2014. The case was dismissed with prejudice on August 19, 2014 on the Trustee's motion to dismiss and Debtor was barred from filing a Chapter 13 case for two years.

(i) Debtor filed this Chapter 7 case on March 3, 2015. The property was set for foreclosure sale that same day. At the time this motion was filed, Movant is unable to view the petition on the docket. However, the docket indicates that Debtor filed a skeleton petition.

8.

Debtor's last case was dismissed on August 19, 2014 and the case before that was discharged on February 25, 2014. Had this case been filed six days earlier, the automatic stay would not have gone into effect. *See* 11 U.S.C. §362(c)(4)(A)(i).

9.

If Debtor files a motion to extend, the bankruptcy code will presume that this case was filed "not in good faith" since he has had one case dismissed in the last 12 months in which he failed to file documents required by the bankruptcy code. *See* 11 U.S.C. §362(c)(3)(C)(i)(II)(aa).

10.

Debtor has filed eight prior cases, six of which were dismissed for failure to pay the filing fee and a seventh was dismissed with prejudice. Of the seven Chapter 13 cases Debtor has filed, he has never filed a plan, much less reached confirmation.

11.

Prior to the filing of this case, the Court had already found that Debtor's actions before this Court warranted a two year bar on Chapter 13 filings.

12.

Debtor is not a borrower on the Note and so has no personal debt obligation to Movant that may be discharged or reaffirmed. Even if he had a personal obligation to Movant, that personal obligation would already have been discharged in Case No. 13-75669-MHM. Therefore, this case serves absolutely no legitimate bankruptcy purpose.

13.

This case was filed for one reason only: to delay and hinder Movant from exercising its contractual right to foreclose, which was brought about by Borrower's failure to make mortgage payments for over six years.

14.

For the reasons stated above, Movant asserts that there is substantial cause to annul the automatic stay to allow Movant to perfect the foreclosure sale and assert all state law and contract rights in the Property, including prosecution of a dispossessory action.

15.

Movant further asserts that an order binding in any case purporting to affect the Property for the next two years is proper because Debtor has filed this case as part of a scheme to delay and hinder Movant involving multiple bankruptcy filings. *See* 11 U.S.C. §362(d)(4). Movant's history indicates that he will not stop filing abusive bankruptcy cases until ordered by the Court.

WHEREFORE, Movant prays:

(a)     That the automatic stay be annulled retroactively to March 3, 2015 to permit Movant to perfect its foreclosure sale, assert all state law and contract rights in the Property, and complete a dispossessory action.

(b)     That the order entered be binding in any other bankruptcy case purporting to effect the Property filed within the next two years.

(c)     For such other and further relief as this Court deems just and proper.

This 4th day of March, 2015.

Respectfully Submitted,

_____/s/_____
Wm. Matthew Suber
Georgia Bar No. 153002
Butler & Hosch, P.A.
1303 Hightower Trail, Suite 315
Sandy Springs, GA 30350
Phone: 678-298-2117
Fax: 770-874-9622
Email: *msuber@closingsource.net*
Attorney for Movant

GA-91000590-13

# CERTIFICATE OF SERVICE

This is to certify that I have caused a copy of Movant's **NOTICE OF HEARING** and **SUPPLEMENTAL MOTION TO ANNUL THE AUTOMATIC STAY AND FOR IN REM RELIEF** to be served electronically. Those not served electronically have been served by depositing same in the United States First Mail in a properly addressed envelope to each with adequate postage thereon as follows:

Winston L. Green, Jr.
105 Highlands Forest Lane
Oxford, GA 30054
Debtor pro se

Dated: March 4, 2015.

                                                              /s/
                                           Wm. Matthew Suber